UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHAUNCEY T. LEWIS,

    Plaintiff,

v.

BENNY, et al.,

    Defendants.

Case No. 25-cv-08390-JST

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (ECF No. 1) is now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

5   "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a

6   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

7   violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of*

8   *San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citation omitted).

**B.   Complaint**

The complaint names as defendants the following Salinas Valley State Prison ("SVSP") correctional staff: Officers Benny, Gaegar, Rodriguez, and Gomez, and an unnamed John Doe Sergeant. The complaint is hard to follow, consisting of run-on sentences and vague, unrelated allegations. The complaint appears to allege the following. Plaintiff is a DPW inmate and requested placement in an ADA-compliant cell. Defendant Doe placed Plaintiff in Cell No. 115, which has no power; left Plaintiff in this cell for 48 days; and discriminated against Plaintiff by not allowing him showers. Plaintiff was then moved to Cell No. 124, which also is not ADA-compliant, where he was housed for three months. On March 22, Plaintiff was transferred to CTC for two weeks, during which his confidential mail was given to inmates in Cells Nos. 227 and 230. While Plaintiff was in Cell No. 115, staff let the inmates in Cell Nos. 227 and 230 go into his cell and steal his property. D-1 and D-2 staff have been calling Plaintiff's brother, including on March 22 and in 2023, 2024, 2025. D-1 and D-2 staff, and the inmates in Cells Nos. 227 and 230, called 1-800-JPay and had $1200 sent to the books of the inmate in Cell No. 230. In January 2022, there was a data breach that resulted in Plaintiff's personal information being divulged. People copied his information and falsified documents. Inmate Nandez is a witness. Plaintiff was harassed after he was transferred to Kern Valley State Prison. A sex offender was either housed in Cell No. 230 or transferred to Kern Valley State Prison in 2023. *See generally* ECF No. 1.

27   / / /

28   / / /

United States District Court
Northern District of California

### C. Dismissal with Leave to Amend

The Court DISMISSES the complaint for failure to state a claim. The complaint does not allege a violation of federal constitutional or statutory law, as is required to bring an action under 42 U.S.C. § 1983. The complaint also does not refer to the named defendants – Officers Benny, Gaegar, Rodriguez, and Gomez. The complaint's allegations are unintelligible. For example, it is unclear what disability Plaintiff has and how Cell Nos. 115 and 124 failed to accommodate his disability; whether these events took place at Salinas Valley State Prison or Kern Valley State Prison or at CTC; or when the relevant events took place. In addition, it is unclear how Grievance No. 367048 exhausted administrative remedies for any claims raised in this action, as this grievance was exhausted on March 3, 2023, and the events described in the complaint appear to have taken place on or after March 22, 2023.

The Court GRANTS Plaintiff leave to file an amended complaint to correct the above deficiencies. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts). In the amended complaint, Plaintiff should briefly describe each wrongful act, including when it occurred, what happened (or did not happen), and which defendant was involved; and should identify what federal law or federal constitutional provision the action or inaction violated.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. 25-cv-08390 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the

3

1   time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk
2   shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

3   **IT IS SO ORDERED.**

4   Dated:  January 5, 2026



_____
JON S. TIGAR
United States District Judge